IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LUCINDA LEWIS                                                              PLAINTIFF

v.                               CIVIL NO. 25-5224

FRANK BISIGNANO, Commissioner
Social Security Administration                                            DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Lucinda Lewis, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed her current application for DIB on October 18, 2023, alleging an inability to work since May 5, 2023, due to diabetes, narcolepsy, sleep apnea, passing out, a fast heart rate, knee pain, chest pain with activity and insomnia. (Tr. 70, 183).  An administrative telephonic hearing was held on January 14, 2025, at which Plaintiff appeared with counsel and testified. (Tr. 36-68).

By written decision dated February 10, 2025, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 23). Specifically, the ALJ found Plaintiff had the following severe impairments: Type II diabetes

mellitus and vertigo-syncope. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 25). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except no ladders, ropes, scaffolds, unprotected heights, moving mechanical parts, deep water, or open flames.

(Tr. 25). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an office helper, a merchandise marker, and a sorter. (Tr. 30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on September 16, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 8, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence

in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *Id*.

**III.    Discussion:**

The regulations governing the consideration of medical opinions were revised for claims filed on or after March 27, 2017. Plaintiff filed her claims for DIB on May 5, 2023. Accordingly, the ALJ's treatment of medical opinion evidence is governed by 20 C.F.R. § 404.1520c. Under this Regulation, ALJs are to consider all medical opinions equally and evaluate their persuasiveness according to several specific factors – supportability, consistency, the medical source's relationship with the claimant, specialization, and other factors such as the source's understanding of the Social Security Administration's disability policies and their familiarity with other evidence in the claim. 20 C.F.R. § 404.1520c(c). ALJs must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b).

A review of the record reveals that Plaintiff underwent a General Physical Examination at the request of the Administration on June 17, 2024, wherein she reported experiencing frequent dizzy spells and falls. (Tr. 531-536). After performing the examination, the medical examiner opined that Plaintiff could not perform safety-sensitive duty, that she needed to treat her diabetes and that she needed to undergo a syncopal evaluation/work-up. (Tr. 536). While the ALJ addressed the opinions of the non-examining medical consultants, there is no discussion of the examination performed in June of 2024, or the persuasiveness given to opinion of the medical examiner. Therefore, the ALJ's failure to comply with the opinion-evaluation Regulation warrants remand. *Bonnett v. Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021) (unpublished) (citations omitted); *Brandy B. v. Dudek*, No. 4:25-CV-394 SRW, 2025 WL 3227484, at *5 (E.D. Mo. Nov. 19, 2025) (An ALJ must articulate how persuasive he found all medical opinions and prior administrative medical

findings in a claimant's case record). On remand, the ALJ must fully evaluate the medical opinion evidence, in accordance with 20 C.F.R. § 404.1520c.

While on remand, the Court recommends that the ALJ more fully and fairly develop the record with respect to Plaintiff's alleged dizziness and syncopal episodes. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of July 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

5